James Kevin CRAIG, Plaintiff–Appellant,

v.

**STATE BAR OF CALIFORNIA,**
Defendant–Appellee.

No. 96–55396.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1997.

Decided April 17, 1998.

Edward McGlynn Gaffney, Jr., Valparaiso University School of Law, Valparaiso, Indiana, for plaintiff-appellant.

Colin P. Wong, Office of the Gen. Counsel, The State Bar of California, San Francisco, California, for defendant-appellee.

Before: BROWNING, BRUNETTI, and TROTT, Circuit Judges.

PER CURIAM:

Plaintiff James Craig passed the July 1988 California bar examination. He asked the Committee of Bar Examiners ("Committee") to allow him to take an amended oath because the provision of the oath requiring support of the state and federal constitutions conflicts with his religious beliefs. As a "Christian pacifist and philosophical anarchist," Craig views oaths as sacred commitments that must be taken only as acts of religious worship. He also believes swearing to support the state and federal constitutions would commit him to support institutionalized violence by the Government, contrary to his religious beliefs.

The Committee denied Craig's request, explaining it had no authority to waive or modify the oath. Craig filed a petition for review with the California Supreme Court, making the same arguments he raised before the Committee. The California Supreme Court denied it without comment. He also filed a

petition for writ of certiorari with the United States Supreme Court, which denied it. Craig then filed this action under 42 U.S.C. § 1983.

## DISCUSSION

■ Under California law, only the state supreme court, not the Committee, has the authority to grant or deny admission to the bar. *See Giannini v. Committee of Bar Exam'rs of State Bar of California,* 847 F.2d 1434, 1435 (9th Cir.1988). The Committee, as an administrative arm of the court, administers the bar examination and certifies applicants who have fulfilled admission requirements. *See Id.;* Cal. Bus. & Prof.Code §§ 6060, 6064. If the Committee refuses to certify an applicant, the applicant may petition the court to review the refusal. *See* Cal. Bus. & Prof.Code § 6066; Cal. Rules of Court 952(d).

■ A plaintiff can challenge the state supreme court's denial of bar admission to a particular applicant, the validity of the state's rules governing admission, or both. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 485, 103 S.Ct. 1303, 1316, 75 L.Ed.2d 206 (1983). Lower federal courts lack subject matter jurisdiction over the first type of challenge, even if unconstitutional action by the state is alleged, because exercising jurisdiction would involve the review of a final judicial decision of the highest state court in a particular case.[1] *See id.* at 486, 103 S.Ct. at 1316–17. Orders of a state court relating to the admission of an individual to the state bar may be reviewed only by the

United States Supreme Court on writ of certiorari to the state court, and not by means of an original action in a lower federal court. *See MacKay v. Nesbett,* 412 F.2d 846, 846 (9th Cir.1969), *cited with approval in Feldman,* 460 U.S. at 484 n. 16, 103 S.Ct. at 1316 n. 16. In contrast, a general attack on a state's admission rules may be heard by lower federal courts because a state supreme court acts in a nonjudicial capacity when it promulgates such rules. *See Feldman,* 460 U.S. at 485, 487, 103 S.Ct. at 1316, 1317.

■ Craig's complaint to the district court states an individual rather than a general challenge to the oath requirement.[2] Craig claims that he "cannot take the entire oath without violating his conscience" and "is thus burdened with the requirement to choose between practicing law and affirming religious beliefs which are not his own, by swearing his 'support' for Constitutionalism." Craig challenges the state bar's "denial of an opportunity to modify the oath to conform to Plaintiff's religious beliefs." These allegations are specific to Craig's application for a waiver or modification of the oath requirement, and do not constitute a general attack on the oath itself. Moreover, Craig essentially seeks individual relief in his complaint, requesting that the court enjoin the Committee from administering its oath to him, and order the Committee to permit him to modify the oath. Craig also asks the court to "[g]rant such other and further relief as the Court deems just and proper," but this sweeping prayer for relief alone does not

1. The doctrine that inferior federal courts lack subject matter jurisdiction over cases that effectively seek review of state court judgments and that federal review is possible only through a certiorari petition to the Supreme Court is known as the Rooker–Feldman doctrine. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Inferior federal court jurisdiction is lacking to the extent that a plaintiff's constitutional claims are intertwined with the state court's prior determination. *See Feldman,* 460 U.S. at 482–84 n. 16, 103 S.Ct. at 1314–16 n. 16 ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the

District Court is in essence being called upon to review the state court decision. This the District Court may not do"). The Supreme Court has recognized that the doctrine is especially appropriate when applied to a state's regulation of its own bar. *See id.*

2. At oral argument, Craig's counsel conceded that Craig's challenge is to the Committee's refusal to modify the oath in his individual case:

The Court: What's the essence of this lawsuit? Is this a challenge to the state's denial of admission to practice of your client?
Counsel: Yes, your honor.
The Court: Is it anything else in addition to that? Is it also a challenge to the state rules governing admission?
Counsel: No, it isn't, your honor.

convert his distinctly individual claims into a general challenge to the oath requirement.

Because Craig seeks review of the California Supreme Court's decision to deny his individual application, the district court lacked subject matter jurisdiction.[3]

DISMISSED.[4]

---

**3.** The fact that the California Supreme Court denied Craig's petition for review without comment does not mean that no adjudication occurred. In *Feldman,* Feldman's petition to the District of Columbia Court of Appeals was summarily denied in a per curiam order, yet the U.S. Supreme Court found the denial to constitute judicial action. *See* 460 U.S. at 479, 103 S.Ct. at 1313.

**4.** Craig's motion for sanctions is denied.