**Kathryn Joanne DIXON, Plaintiff— Appellant,**

v.

**STATE BAR OF CALIFORNIA; Supreme Court of California; Ming W. Chin; Stanley Mosk; Marvin R. Baxter; Ronald M. George; Kathryn M. Werdegar; Joyce L. Kennard; Janice R. Brown; Judy Johnson; Andrea Wachter, Defendants—Appellees.**

No. 01–16173.

D.C. No. CV–00–04026–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2002.*

Decided March 18, 2002.

Before HUG and TASHIMA, Circuit

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Judges, and SEDWICK,** District Judge.

MEMORANDUM ***

Kathryn Dixon appeals the district court's judgment, dismissing her 42 U.S.C. § 1983 action against the California State Bar, two California State Bar prosecutors, the California Supreme Court, and the seven Justices of the California Supreme Court for lack of jurisdiction and failure to state a claim. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction over Dixon's timely appeal under 28 U.S.C. § 1291. We review the district court's dismissal *de novo*. *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir.2001); *Monterey Plaza Hotel, Ltd., P'ship v. Local 483 of Hotel Employees and Restaurant Employees Union, AFL–CIO*, 215 F.3d 923, 926 (9th Cir. 2000). We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

The district court held, *inter alia*, that the *Rooker–Feldman* doctrine required dismissal of Dixon's § 1983 action for lack of subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). The district court's jurisdiction is lacking to the extent that the plaintiff's constitutional claims are "inextricably intertwined" with the state court's prior determination. *See Dist. of Columbia Court of Appeals v.* *Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.").

■ In her federal complaint, Dixon presented to the district court the very same due process and equal protection claims that she previously raised in her petition to the California Supreme Court to review the California State Bar Court's decision recommending her disbarment. The California Supreme Court denied Dixon's petition and ordered her disbarment. Now, through her § 1983 action, Dixon seeks to have the district court consider the constitutional claims that the California Supreme Court rejected, and vacate the California Supreme Court's judgment ordering her disbarment. Contrary to her assertions on appeal, Dixon presented her federal constitutional claims to the California Supreme Court, whose denial of her petition was an adjudication of these claims. *See Craig v. State Bar of Cal.*, 141 F.3d 1353, 1355 n. 3 (9th Cir.1998) ("The fact that the California Supreme Court denied [the appellant's] petition for review without comment does not mean that no adjudication occurred.").

■ No exception to the *Rooker–Feldman* doctrine applies here. The fraud that Dixon alleges is intrinsic fraud, specifically discriminatory prosecution, the use

** Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of fabricated evidence, and the wrongful exclusion of supposedly exculpatory evidence. Thus, assuming that there is an extrinsic fraud exception to the *Rooker–Feldman* doctrine, this case does not fit within that exception. *See Green v. Ancora–Citronelle*, 577 F.2d 1380, 1384 (9th Cir.1978) (extrinsic fraud "prevents a party from having an opportunity to present his claim or defense in court"; it is not fraud that "goes to the very heart of the issues contested in the state court action").

We hold that the district court correctly found that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Craig*, 141 F.3d at 1354 ("Lower federal courts lack subject matter jurisdiction over [a challenge to a state supreme court's denial of bar membership], even if unconstitutional action by the state is alleged, because exercising jurisdiction would involve the review of a final judicial decision of the highest state court in a particular case."). We therefore affirm the district court's judgment dismissing Dixon's action.

AFFIRMED.