**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON LEVI, | No. 08-15242 |
| Plaintiff - Appellant, | D.C. No. CV-07-04378-MHP |
| v. | |
| STATE BAR OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Simon Levi appeals pro se from the district court's judgment dismissing his

action against the State Bar of California and Justices of the California Supreme

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Court as barred by the *Rooker-Feldman* doctrine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm in part, vacate in part, and remand.

The district court properly concluded that the *Rooker-Feldman* doctrine barred the action because it is a forbidden de facto appeal of the California Supreme Court's decision denying Levi's application for admission to the bar, and the remaining claims are inextricably intertwined with the forbidden appeal. *See id.* at 1158; *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 (9th Cir. 1998) (explaining that "[u]nder California law, only the state supreme court . . . has the authority to grant or deny admission to the bar[,]" and holding that "[b]ecause [plaintiff sought] review of the California Supreme Court's decision to deny his individual application, the district court lacked subject matter jurisdiction" pursuant to the *Rooker-Feldman* doctrine).

We do not consider issues raised in the opening brief for which Levi developed no argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues raised in pro se litigant's brief but not supported by argument are deemed waived).

Dismissals under the *Rooker-Feldman* doctrine are dismissals for lack of subject matter jurisdiction, *Kougasian v. TMSL*, 359 F.3d 1136, 1139 (9th Cir.

2004), and thus, should be dismissed without prejudice, *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (order).  Accordingly, we vacate in part the judgment, and remand for the limited purpose of dismissing the action without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; REMANDED**.