UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMON S. LEVI, | No. 08-15242 |
| Plaintiff - Appellant, | D.C. No. CV-07-04378-MHP |
| v. | Northern District of California, San Francisco |
| STATE BAR OF CALIFORNIA; et al., | |
| Defendants, | ORDER |
| and | |
| RONALD M. GEORGE, Administrative Law Judge, Chief Justice; et al., | |
| Defendants - Appellees. | |

Before:    CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Simon Levi's motion to "correct error found in memorandum issued by this Court on June 21, 2010" is granted, and we strike references in the memorandum disposition to the State Bar of California as an appellee.

We instruct the Clerk to withdraw the memorandum disposition filed on June 21, 2010, and to file the revised memorandum disposition submitted for filing with this order.

No further filings will be accepted in this closed case.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMON LEVI, | No. 08-15242 |
| Plaintiff - Appellant, | D.C. No. CV-07-04378-MHP |
| v. | |
| STATE BAR OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| RONALD M. GEORGE, Administrative Law Judge, Chief Justice; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted May 25, 2010[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Simon Levi appeals pro se from the district court's judgment dismissing his action against the Justices of the California Supreme Court as barred by the *Rooker-Feldman* doctrine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm in part, vacate in part, and remand.

The district court properly concluded that the *Rooker-Feldman* doctrine barred the action because it is a forbidden de facto appeal of the California Supreme Court's decision denying Levi's application for admission to the bar, and the remaining claims are inextricably intertwined with the forbidden appeal. *See id.* at 1158; *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 (9th Cir. 1998) (explaining that "[u]nder California law, only the state supreme court . . . has the authority to grant or deny admission to the bar[,]" and holding that "[b]ecause [plaintiff sought] review of the California Supreme Court's decision to deny his individual application, the district court lacked subject matter jurisdiction" pursuant to the *Rooker-Feldman* doctrine).

We do not consider issues raised in the opening brief for which Levi developed no argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.

1992) (issues raised in pro se litigant's brief but not supported by argument are deemed waived).

Dismissals under the *Rooker-Feldman* doctrine are dismissals for lack of subject matter jurisdiction, *Kougasian v. TMSL*, 359 F.3d 1136, 1139 (9th Cir. 2004), and thus, should be dismissed without prejudice, *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (order).  Accordingly, we vacate in part the judgment, and remand for the limited purpose of dismissing the action without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; REMANDED**.