**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN S. SCHEER, an individual, *Plaintiff-Appellant*, <br><br> v. <br><br> PATRICK KELLY, in his official capacity as President of the Board of Trustees of the State Bar of California; JOANN REMKE, in her official capacity as the Presiding Judge of the California State Bar Court; KENNETH E. BACON, in his official capacity as Presiding Arbitrator of the State Bar of California, <br> *Defendants-Appellees*. | No. 14-55243 <br><br> D.C. No. 8:13-cv-01313-JLS-JPR <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted
February 11, 2016—Pasadena, California

Filed April 4, 2016

Before: Marsha S. Berzon and John B. Owens, Circuit
Judges and Algenon L. Marbley,[*] District Judge.

Opinion by Judge Berzon

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's dismissal of an action brought pursuant to 42 U.S.C. § 1983 by a California lawyer who challenged California's procedures for attorney discipline.

Plaintiff asserted that California violated her constitutional rights by not providing her meaningful judicial review in a fee dispute between herself and a client. She also asserted that the rules governing the California State Bar's disciplinary procedures are facially unconstitutional.

The panel first held that plaintiff's as-applied claims were barred by the *Rooker-Feldman* doctrine because the challenge to the State Bar's decision in her own case was a de facto appeal of the Supreme Court of California's denial of her petition for review.

---

[*] The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that plaintiff's facial claims were not time-barred. The "operative decision" injuring plaintiff occurred when the California Supreme Court denied her petition for review on June 12, 2013, and she filed her claim in this action on August 26, 2013, well within the two-year statute of limitations. The panel held that the State Bar misread this Court's statute-of-limitations decision in *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Board*, 509 F.3d 1020, 1026-27 (9th Cir. 2007), which only applies to facial challenges involving property rights.

The panel held that plaintiff's facial claims based on California's state constitution failed because they have already been rejected by the Supreme Court of California. *In re Rose*, 22 Cal. 4th 430, 436 (2000). Plaintiff's Fourteenth Amendment Due Process and Equal Protection claims also failed. The panel held that plaintiff was provided notice and opportunity for a hearing appropriate to the nature of her case. The panel concluded that California's decision to regulate lawyers principally via a judicially supervised administrative body attached to the State Bar of California, the organization of all state-licensed lawyers, was rational and therefore was constitutional.

---

## COUNSEL

Marilyn S. Scheer (argued), Woodland Hills, California, pro se Plaintiff-Appellant.

Michael von Loewenfeldt (argued) and Julie A. Stockton, Kerr & Wagstaffe LLP, San Francisco, California; Thomas A. Miller, Lawrence C. Yee, and Tracey McCormick, Office

of General Counsel, State Bar of California, San Francisco, California, for Defendants-Appellees.

**OPINION**

BERZON, Circuit Judge:

Marilyn Scheer, a lawyer in California, challenges California's procedures for attorney discipline. Scheer argues that California violated her constitutional rights by not providing her meaningful judicial review in a fee dispute between herself and a client. She also asserts that the rules governing the California State Bar's disciplinary procedures are facially unconstitutional. The State Bar responds that Scheer's claims are meritless, and that in any event they are barred by the *Rooker-Feldman* doctrine and the statute of limitations for actions brought under 42 U.S.C. § 1983.

The State Bar is correct that Scheer's as-applied challenges are barred by the *Rooker-Feldman* doctrine. But the State Bar misreads this Court's statute-of-limitations decision in *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Board*, 509 F.3d 1020, 1026–27 (9th Cir. 2007), which only applies to facial challenges involving property rights. Scheer's facial claims are not time-barred. They are, however, meritless, and so the district court correctly dismissed Scheer's complaint.

## I. Background

A client of Scheer's sought a refund of a fee Scheer had charged him. The client obtained an arbitration award against Scheer for approximately $5,000, and sought enforcement of

the award via the State Bar's administrative enforcement proceedings. The award was enforced but Scheer failed to repay the fee. After negotiations between Scheer, the client, and the Bar to resolve the matter failed, the State Bar's administrative tribunal transferred Scheer to the involuntary inactive enrollment list, suspending her license to practice law.

Scheer challenged the decision via the State Bar's internal review procedures, Cal. State Bar R. 5.360–70, but did not succeed. She then filed a petition for review in the California Supreme Court, which was denied. Next, Scheer filed suit against the State Bar in the U.S. District Court for the Central District of California, alleging that its attorney discipline system violates attorneys' First Amendment and Fourteenth Amendment rights. The district court granted the State Bar's motion to dismiss, holding that Scheer's as-applied claims were barred by the *Rooker-Feldman* doctrine and her facial claims failed on their merits. Scheer timely appealed.

## II

Scheer's as-applied claims are barred under the *Rooker-Feldman* doctrine. Her challenge to the State Bar's decision in her own case is a de facto appeal of the Supreme Court of California's denial of her petition for review, "brought by [a] state-court loser[] . . . inviting district court review and rejection of [the state court's] judgments." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies to such challenges, even where the relevant state court decision is a denial of discretionary review. *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1355 n.3 (9th Cir. 1998).

## III

The State Bar argues that Scheer's facial challenges to California's statutes and regulations were barred by the statute of limitations, relying on *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Board*, 509 F.3d 1020 (9th Cir. 2007). The State Bar asserts that *Action Apartment* held that the statute of limitations for facial challenges brought under 42 U.S. § 1983 begins running at the time the challenged statute or ordinance was enacted. We disagree.

In *Action Apartment*, this Court considered a facial challenge to a municipal rent control ordinance brought by an association of landlords under 42 U.S.C. § 1983. 509 F.3d at 1022. The landlords argued that the ordinance deprived them of their property rights in violation of the Fourteenth Amendment's substantive due process protections. *Id.* at 1026. Because the challenged ordinance had existed in one form or another for decades, this Court had to decide how to apply the two-year statute of limitations for § 1983 actions. We adopted a principle used in the context of facial challenges brought under the Takings Clause of the Fifth Amendment — that "the cause of action accrues on the date that the challenged statute or ordinance went into effect." *Id.* at 1027 (citing *De Anza Props. X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1087 (9th Cir. 1991)). Because the relevant provisions of the ordinance had been enacted more than two years before the claim was brought, *Action Apartment* held that the landlords' claim was time-barred. *Id.*

The State Bar vastly overreads *Action Apartment*. It asserts that *Action Apartment*'s holding applies to *all* facial challenges to statutes and ordinances, not just those premised on injuries to property rights. But *Action Apartment* and the

cases it cites are grounded in an analysis that applies only in the context of injury to property. In that context, "the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest. This is a single harm, measurable and compensable when the statute is passed." *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1119 (9th Cir. 2010) (en banc) (quoting *Levald, Inc. v. City of Palm Desert*, 988 F.2d 680, 688 (9th Cir. 1993)). After a law is enacted, the price of the property is affected, and downstream purchasers of the property will pay less for the property because of the alleged taking. "A landowner who purchased land after an alleged taking," therefore, "has suffered no injury." *Carson Harbor Village Ltd. v. City of Carson*, 37 F.3d 468, 476 (9th Cir. 1994), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).[1] As *Action Apartment* noted, this logic from the takings context "applies with equal force" to the claimed deprivation of a property right in violation of substantive due process. 509 F.3d at 1027.

*Action Apartment* did state, in passing, that "any facial injury to any right should be apparent upon passage and enactment of a statute." *Id*. But, given the context, it is clear that, outside the property rights context, this statement was meant to apply only to individuals actually affected by a

---

[1] We have since noted that *Carson Harbor* is in some tension with the Supreme Court's decision in *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001). *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1190 & n.11 (9th Cir. 2007). We have declined, however, to hold that *Carson Harbor* was overruled by *Palazzolo*, and have continued to cite its reasoning. *Id*. Even if *Carson Harbor*'s reasoning is no longer valid, that void would affect only the law surrounding statutes of limitations for property-based claims, not our decision today.

statute at the time of its enactment.  Outside the realm of property rights, the more discrete reasoning of *Action Apartment* is not pertinent.  Many statutes and ordinances do not just cause "a single harm, measurable and compensable when the statute is passed."  *Guggenheim*, 638 F.3d at 1119 (quoting *Levald*, 998 F.2d at 688).

An unconstitutionally vague statute, for instance, may pose "ongoing harms" to those who are unsure if their actions fall within its ambit.  *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013).  Laws that violate the First Amendment may similarly place an "ongoing chill upon speech" felt by individual speakers as they contemplate communication.  *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 336 (2010).  Such laws, moreover, could affect organizations that did not exist when the laws were first enacted, or individuals who were not at that time so situated as to be affected by the regulation — or not even born yet.  Injuries occasioned by such statutes would not be apparent, or even extant, at the time of their enactment to everyone later impacted by them.

The State Bar's reading of *Action Apartment* also runs into a thicket of justiciability problems.  The court rule providing for discretionary review that Scheer challenges went into effect in 1991.  According to the State Bar, then, Scheer would have had to bring her facial challenge before the end of 1993.  But at that point, she had not been subject to discipline by the State Bar, nor is there any reason to think that such discipline would have been foreseeable.  If Scheer had tried to bring her case within the State Bar's asserted statute of limitations, she would have had severe problems establishing standing.  *See, e.g.*, *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1147–48 (2013); *Wolfson v.*

*Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010). And the State Bar's approach to the statute of limitations would bar facial challenges even by lawyers subject to the Bar's disciplinary system who had not been lawyers — or had been small children — in 1993. Their cases would be time-barred before they could even be brought, an absurd result.

Given these problems, it is unsurprising that such a reading of *Action Apartment* is contradicted by this Court's precedents. If a facial challenge could only be brought against a statute or ordinance within the limitations period as measured by the enactment's effective date, the vast majority of currently extant statutes and ordinances would be beyond a facial challenge. But this Court regularly hears — and upholds — facial challenges to decades-old statutes, and has done so in the years since *Action Apartment*.

*Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1149 (9th Cir. 2014), for instance, struck down as facially unconstitutional an L.A. ordinance, enacted in 1983, prohibiting using a parked vehicle "as living quarters." *McCormack v. Herzog*, 788 F.3d 1017, 1029–30 (9th Cir. 2015), upheld a facial challenge to an Idaho statute passed in 1973 that placed restrictions on second-trimester abortions. Under the State Bar's logic, these unconstitutional laws would have been completely insulated from facial challenges for the last several decades, along with every other statute and ordinance that has been around for more than a couple years. Yet, the challengers may have been grade-school children when the statutes were enacted, concerned with neither obtaining shelter nor unwanted pregnancy.

The State Bar's statute of limitations argument is therefore entirely misdirected, both because of the targeted

reasoning underlying *Action Apartment* and because of this Circuit's case law subsequent to *Action Apartment.*

The statute of limitations did not begin running on Scheer's claim when the rules she challenges were enacted. While the existence of the rules might have arguably put Scheer "on notice" of the State Bar's alleged violations in some sense, as she was a lawyer at the time, this Court looks to when a plaintiff "knows or has reason to know of the actual injury," *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

Scheer challenges the alleged absence of meaningful judicial review for attorney discipline rulings. The "operative decision" injuring her thus occurred when the California Supreme Court denied her petition for review on June 12, 2013. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1059 (9th Cir. 2002)). Scheer filed her claim in this action on August 26, 2013, well within the two-year statute of limitations. Her case is not time-barred.

IV

Scheer's facial claims fail on their merits.

Scheer's facial claims based on California's state constitution fail because they have already been rejected by the Supreme Court of California. *In re Rose*, 22 Cal. 4th 430, 436 (2000). "It is fundamental that state courts be left free and unfettered by the federal courts in interpreting their state constitutions." *Bennett v. Mueller*, 322 F.3d 573, 582 (9th Cir. 2003) (alterations omitted) (quoting *Michigan v. Long*, 463 U.S. 1032, 1041 (1983)). Contrary to Scheer's

contentions, *People v. Kelly*, 40 Cal. 4th 106 (2006), did not overrule *In re Rose.*

Scheer's First Amendment claims are unsupported. The First Amendment does protect the right to access courts in a variety of contexts in which filing fees or other barriers might prevent some would-be litigants from bringing cases under existing law. *See, e.g.*, *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). But we are aware of no case holding that the First Amendment provides a freestanding right for an individual to have a state court hear her dispute in the absence of some asserted state or federal cause of action, statutory or judge-made.

Scheer's Fourteenth Amendment Due Process and Equal Protection claims also fail. Scheer was provided "notice and opportunity for hearing appropriate to the nature of [her] case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). We have previously held that "[t]he State of California provides attorneys subject to discipline with more than constitutionally sufficient procedural due process." *Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 565 (9th Cir. 1990). Although California has altered its attorney discipline procedures since *Rosenthal* to make the Supreme Court of California's review discretionary, this change is not so significant as to create a due process violation. Scheer was still afforded notice, a hearing, a written decision, and an opportunity for judicial review.

Scheer may be right that the regulation of lawyers in California is unlike California's regulation of any other professionals; but she has not demonstrated that this

regulatory scheme violates Equal Protection. As noted, Scheer has not identified a First Amendment right burdened by these regulations, so the proper level of scrutiny to apply is rational basis review. *Honolulu Weekly, Inc. v. Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002). The regulatory scheme survives this review because the historically unique role of lawyers allows states to treat legal practice differently from other professions. Lawyers "are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Bates v. State Bar of Ariz.*, 433 U.S. 350, 361–62 (1977) (quoting *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975)). Given both this particular function of lawyers and the tradition of state court regulation of lawyers, California's decision to regulate lawyers principally via a judicially supervised administrative body attached to the State Bar of California, the organization of all state-licensed lawyers, is rational and so constitutional.

We therefore **AFFIRM** the district court.