NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK TAYTON DENCER, | No. 16-56771 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03190-SVW-AJW |
| v. | |
| CALIFORNIA STATE BAR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 13, 2018**

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Frederick Tayton Dencer appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from his

California State Bar disbarment proceedings. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Dencer's action is a "de facto appeal" of a prior state court judgment, and he raises claims that are "inextricably intertwined" with that judgment. *See Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016) (as-applied constitutional claims are barred under the *Rooker-Feldman* doctrine); *Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012) (*Rooker-Feldman* doctrine bars district court from exercising jurisdiction over a "de facto" appeal of a state court decision and claims "inextricably intertwined" with the state court decision); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (concluding that the *Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**