NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN S. SCHEER, Plaintiff-Appellant, v. DAVID J. PASTERNAK, in his official capacity as President of the Board of Trustee of State Bar of California; et al., Defendants-Appellees. | No. 17-55765 D.C. No. 2:16-cv-03813-R-JPR MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Attorney Marilyn S. Scheer appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging claims stemming from her

attorney disciplinary proceedings.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, Scheer's request for oral argument, set forth in the opening brief, is denied.

We review de novo. *San Remo Hotel, L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (issue preclusion); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 1995) (failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Scheer's constitutional challenge to Cal. Civil Code § 2944.7 as barred by issue preclusion because the claim was predicated on issues that were resolved against Scheer in a prior state court action. *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (explaining that California's issue preclusion doctrine "precludes relitigation of issues argued and decided in prior proceedings" and setting forth six criteria to determine whether an issue is precluded (citation and internal quotation marks omitted)).

The district court properly dismissed Scheer's constitutional challenge to Cal. Rules of Court 9.16(b) because Scheer failed to state a plausible claim for relief. *See Scheer v. Kelly*, 817 F.3d 1183, 1189 (9th Cir. 2016) (California attorney disciplinary proceedings do not violate an attorney's First Amendment, due process, or equal protection rights).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Scheer's request for this court to reconsider the denial of en banc review in *Scheer v. Kelly*, set forth in her opening brief, is denied.

The parties' motions to take judicial notice (Docket Entry Nos. 12 and 22) are denied as unnecessary.

**AFFIRMED.**