NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL DELACRUZ, Sr.,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>THE STATE BAR OF CALIFORNIA, a California public entity; et al.,<br><br>    Defendants-Appellees. | No.    17-17340<br><br>D.C. No. 5:14-cv-05336-EJD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 11, 2019**

Before:    WALLACE, FARRIS, and TROTT, Circuit Judges.

Daniel Delacruz, Sr., appeals pro se from the district court's judgment

dismissing his action alleging federal and state-law claims arising from the denial

of admission to practice law by the State Bar of California stemming from the

State Bar's moral character determination requirements.  We have jurisdiction

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009) (dismissal based on the *Noerr–Pennington* doctrine)*; Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal on statute of limitations grounds); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal based on the *Rooker–Feldman* doctrine). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Delacruz's claims against all defendants associated with the State Bar of California and the Judicial Council of California because Delacruz's claims constitute a forbidden "de facto appeal" of prior state court judgments against Delacruz and are "inextricably intertwined" with those judgments. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker–Feldman* doctrine); *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998) (noting that "the [*Rooker–Feldman*] doctrine is especially appropriate when applied to a state's regulation of its own bar").

Dismissal of Delacruz's request to modify a state court injunction was also proper under the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (noting that district courts do not have

jurisdiction over cases in which plaintiffs complain of injuries caused by state court judgments).

The district court properly dismissed Delacruz's claims against defendants associated with the City of Salinas and the City of Fresno as barred by the applicable statutes of limitation. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Lukovsky*, 535 F.3d at 1048 (California's statute of limitations for personal injury torts applies to § 1983 and § 1985 claims).

The district court properly dismissed all federal claims in Delacruz's first amended complaint because the conduct alleged was incidental to defendants' petitioning activities and is therefore protected under the *Noerr–Pennington* doctrine. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934-35 (9th Cir. 2006) (explaining the *Noerr–Pennington* doctrine). Because Delacruz failed to allege sufficiently that defendants' actions were objectively baseless and that they had an improper motive, Delacruz's federal claims do not fall within the narrow sham litigation exception. See *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993) (discussing application of the sham litigation exception to the *Noerr–Pennington* doctrine); *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir. 1998) (a "heightened pleading standard" applies to alleged intentional misrepresentations invoking the sham litigation exception, and

the standard "would have no force if in order to satisfy it, a party could simply recast disputed issues from the underlying litigation as misrepresentations by the other party" (citation and internal quotation marks omitted)). To the extent that Delacruz alleged non-petitioning activities, the conduct alleged relates to Delacruz's state law claims, over which the district court declined supplemental jurisdiction, and Delacruz does not challenge the district court's decision to decline supplemental jurisdiction.

The district court did not abuse its discretion in denying Delacruz's motion for partial summary judgment as premature. Fed. R. Civ. P. 56(d); *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (standard of review).

The district court did not abuse its discretion by denying Delacruz's motion for reconsideration because Delacruz failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (requirements for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

We reject as unsupported by the record Delacruz's contentions concerning bias of the district judge.

Delacruz's motion for an expedited injunction (Docket Entry No. 61) is

denied.

**AFFIRMED.**