**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS GARAU; OLGA H. GARAU, | No. 20-56086 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-01273-CJC-PLA |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Court Services Division, Civil Management Bureau; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Carlos Garau and Olga H. Garau appeal from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging claims arising out of their state

court unlawful detainer proceedings.  We have jurisdiction under 28 U.S.C.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  The appellants' request for
oral argument, set forth in the opening brief, is denied.

§ 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction on the basis of the *Rooker-Feldman* doctrine. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). We affirm.

The district court properly dismissed appellants' claims because they are a "forbidden de facto appeal" of state court unlawful detainer proceedings and raise issues that are "inextricably intertwined" with those proceedings. *Noel v. Hall*, 341 F.3d 1148, 1158, 1163 (9th Cir. 2003) (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (claims are "inextricably intertwined" for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (citation and internal quotation marks omitted)); *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1355 n.3 (9th Cir. 1998) ("The fact that the California Supreme Court denied [plaintiff's] petition for review without comment does not mean that no adjudication occurred.").

The district court did not abuse its discretion in denying appellants leave to amend their claims because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion in taking judicial notice. *See*

Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

Appellants' motion to take judicial notice of state court records (Docket Entry No. 26) is granted.

**AFFIRMED.**