NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIUS M. ENGEL, <br><br> Plaintiff-Appellant, <br><br> and <br><br> UNITED STATES OF AMERICA; STATE OF CALIFORNIA, <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> TANI CANTIL-SAKAUYE, <br><br> Defendant-Appellee. | No. 21-16834 <br><br> D.C. No. 2:20-cv-00893-JAM-JDP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 16, 2023**

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Julius M. Engel appeals pro se from the district court's judgment dismissing

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his action alleging various claims relating to his disbarment from the practice of law in the State of California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Engel's action is a de facto appeal of a prior state court judgment, and he raises claims that are inextricably intertwined with that judgment. *See Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016) (an attorney's challenge to the State Bar's suspension decision is barred under the *Rooker-Feldman* doctrine because it is a de facto appeal of the Supreme Court of California's denial of her petition for review); *Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012) (the *Rooker-Feldman* doctrine bars district court from exercising jurisdiction over a "de facto" appeal of a state court decision and claims "inextricably intertwined" with the state court decision).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                                    21-16834

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**